Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
### for the
### EASTERN District of VIRGINIA
### ALEXANDRIA Division

F I L E D

JUL -9 2019

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Case No. 1:19 cv 900 TSE/IDD

*(to be filled in by the Clerk's Office)*

_____
JAMES HARRIS

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

_____
INTEGRITY MANAGEMENT CONSULTING, INC

*Defendant(s)*
*(Write the full name of each defendant who is being sued.  If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Jury Trial: *(check one)*  ☒ Yes  ☐ No

## COMPLAINT FOR A CIVIL CASE

**I.    The Parties to This Complaint**

**A.    The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name                JAMES HARRIS
Street Address      12853 HOADLY MANOR DRIVE
City and County     MANASSAS
State and Zip Code  VA 20112
Telephone Number    301-830-2101
E-mail Address

**B.**     **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | INTEGRITY MANAGEMENT CONSULTING, INC |
| Job or Title *(if known)* | REGISTERED AGENT: Mary Beth Romani AND Chris Romani |
| Street Address | 1521 Westbranch Drive, |
| City and County | Tysons Corner |
| State and Zip Code | Virginia, 22102 |
| Telephone Number | 703-349-3394 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | JOSEPH B. MCMULLIN |
| Job or Title *(if known)* | Deputy Assistant Director, Information Operations (DAD IO/J-6) |
| Street Address | 5109 Leesburg Pike, Suite 319 |
| City and County | Falls Church |
| State and Zip Code | Virginia, 22041 |
| Telephone Number | 703-882-3826 |
| E-mail Address *(if known)* | Joseph.B.McMullin4.civ@mail.mil |

Defendant No. 3

| | |
|---|---|
| Name | CLARISSA Y SMITH |
| Job or Title *(if known)* | Contracting Officer's Representative (COR) |
| Street Address | 5109 Leesburg Pike, Suite 319 |
| City and County | Falls Church |
| State and Zip Code | Virginia |
| Telephone Number | 703-882-3826 |
| E-mail Address *(if known)* | clarissa.y.smith.civ@mail.mil |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

E-mail Address *(if known)* _____

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☒ Federal question                    ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

42 U.S.C. §12111(7) and Title VII, Section 701, 42 U.S.C. §2000e
EEOC (right to sue issued) see attached

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)*  J _____ , is a citizen of the
State of *(name)* _____ .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated
under the laws of the State of *(name)* _____ _____ ,
and has its principal place of business in the State of *(name)*
_____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of
the State of *(name)* _____ . Or is a citizen of
*(foreign nation)* _____ .

b.    If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under
the laws of the State of *(name)* _____ , and has its
principal place of business in the State of *(name)* _____ .
Or is incorporated under the laws of *(foreign nation)* _____ ,
and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the
same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at
stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

STATEMENT ATTACHED

## III.  Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the
facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was
involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including
the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and
write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

STATEMENT ATTACHED

## IV.  Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal
arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include
the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any
punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or
punitive money damages.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Issue an Order requiring the defendants to make the plaintiff whole by awarding compensatory damages and punitive damages at a minimum totaling twice the plaintiffs agreed-upon annual salary and sign-on bonus the plaintiff never received

An award of litigation costs and expenses, including reasonable attorneys' fees to the plaintiff.

Punitive damages based upon the defendants' negligence and engagement of bad practices.

Such other and further relief as the Court may deem just and proper.

## V.      Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.      For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:             07/07/2019

Signature of Plaintiff

Printed Name of Plaintiff        JAMES HARRIS

### B.      For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

Mr. James Harris
12853 Hoadly Manor Drive
Manassas, VA 20112
301-830-2101
205-356-3853

      Plaintiffs,

v.                                   Civil Action No: 1:19-CV-00000

INTEGRITY MANAGEMENT CONSULTING, INC
1521 Westbranch Drive,
Tysons Corner, VA 22102
703-349-3394
Serve on:
Registered Agent:
Mary Beth Romani
Chris Romani
1521 Westbranch Drive,
Tysons Corner, VA 22102
703-349-3394

JOSEPH B. MCMULLIN
Chief of Solutions Resource Management Branch (SRMB)
Portfolio and Resource Management Division (PRMD)
Deputy Assistant Director, Information Operations (DAD IO/J-6)
Defense Health Agency
5109 Leesburg Pike, Suite 319,
Falls Church, VA 22041
(O) 703-882-3826
(BB) 703-389-7132
E-mail: Joseph.B.McMullin4.civ@mail.mil

1

CLARISSA Y SMITH
Contracting Officer's Representative (COR)
Defense Health Agency
5109 Leesburg Pike, Suite 319,
Falls Church, VA 22041
(O) 703-882-3826
E-mail: clarissa.y.smith.civ@mail.mil

Defendants.

---

*COMPLAINT*

---

COMES NOW the Plaintiff Mr. James Harris (Mr. Harris) files this complaint against

Defendants Integrity Management Consulting, Inc, Joseph McMullin and Clarissa Smith

as representing officers for the agency.

---

*PARTIES*

---

1.      Plaintiff Mr. James Harris is a resident of Manassas, VA, and at all times material

here to, Plaintiff was an "employee" of Defendant. Moreover, Mr. Harris is a

military spouse and is enrolled under the Exceptional Family Member Program. His

spouse was assigned to Fort Belvoir, VA.

2.      Defendant (Integrity Management Consulting INC) is a corporation doing business in

the Eastern District of the Commonwealth of Virginia and elsewhere.

The defendant is a "person" within the meaning of ADA Section 101(7),

42 U.S.C. §12111(7) and Title VII, Section 701, 42 U.S.C. §2000e. At all times,

material hereto. Defendant employed 15 or more employees and is an "employer"

within the meaning of ADA Section101(5)(A), 42 U.S.C, §12111(5)(A) and is engaged

in an industry affecting commence within the meaning of ADA Section 101(7), U.S.C.

§12111(7), Title VII, Section701, 42 U.S.C. §2000e and US Code Title 42 - The Public

Health and Welfare Chapter 126 - EQUAL OPPORTUNITY FOR INDIVIDUALS WITH

DISABILITIES (§§ 12101 - 12213). Additionally, the defendants are subject to the

following governing authority: 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42

U.S.C. 12117, 42, U.S.C. 2000ff-6.

3.   Defendant (JOSEPH B. MCMULLIN) upon information and belief is representative for

Defense Health Agency as the Deputy Assistant Director, Information Operations

(DAD IO/J-6).

4.   Defendant (CLARISSA Y SMITH) upon information and belief is representative for

Defense Health Agency as the Contracting Officer Representative

---

*JURISDICTION & VENUE*

---

1.   The district court has jurisdiction over the ADA claim pursuant to ADA Section 107,

U.S.C. § 12117, which incorporates by reference Section 706 of Title VII of the Civil

Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. §§2000e-5, etseq and US

Code Title 42 - The Public Health and Welfare Chapter 126 - EQUAL OPPORTUNITY

FOR INDIVIDUALS WITH DISABILITIES (§§ 12101 - 12213)

3

2.     Plaintiff timely filed a charge of discrimination with the United States Equal

Employment Opportunity Commission; exhausted all administrative procedures;

received a notice of right to Sue dated April 11, 2019; and files this complaint within

ninety (90) days of receipt thereof

3.      Venue properly lies in the Alexandria division of the Eastern District of Virginia in

that All of the discriminatory acts alleged herein occurred in the Eastern District of

Virginia.

4.     This action is brought pursuant to

---

## BACKGROUND

---

5.     James Harris was offered a Project Manager position supporting the Defense Health

Agency (DHA) under the direction of Karl Satterwhite, the Director of Operations for

Integrity Management Consulting. This position was categorized as a principal

position. Additionally, James Harris supported the agency's Enterprise Intelligence

Agency Solutions department (EIDS) under Chris Nichols GS-15. As a result of this

offer, James Harris concluded his employment with Missing Link supporting U.S.

Army Chief Information Office G-6.  James Harris commenced supporting the

Defense Health Agency on October 29, 2018. After Mr. Harris first 30 days, Integrity

Management Consulting gave Mr. Harris $150.00 gift cards for good work with the

Agency.

6.     Additionally, Angela Weisenberger Director, Health & Civilian Markets detail that

the client Defense Heath Agency with satisfied with his performance. Specifically,

4

Angela stated, "It was such a pleasure to meet not only your clients but also your team. It's clear that your client thinks very highly of you and your team, and it was great to be able to receive such positive feedback directly from your clients on your team's performance! Furthermore, we appreciate your leadership of the team and commitment to providing strong subject matter expertise to your customers. Your contract at DHA is strategic for Integrity, and we look forward to the continued growth of our support to the DHA" (email correspondence dated December 21, 2018).

7.     James Harris is a military spouse whose husband was assigned to the National Capital Region (NCR) June 1, 2016. On December 18, 2018, Mr. Harris husband underwent a surgical procedure that caused significant limitations and required Mr. Harris assistance to include transportation to and from the Defense Health Agency Hospital Fort Belvoir. Additionally, due to Mr. Harris husband limitations, he requested an adjustment in his work schedule to include telework, and flex work schedule to care for the service member throughout the duration of recovery. The Defense Health Agency (DHA) contractor officer representation (COR) Clarrisa Smith approved Mr. Harris modified work schedule for the recovery period.

8.     It was not until Mr. Harris started the approved work schedule and Angela Weisenberger began the position as Director of Operations for the Department of Defense Intelligence contracts that he began to have significant issues with Integrity Management Consulting. Throughout Mr. Harris interaction with Ms. Weisenberger, he experienced discrimination, harassment, and prejudice.

5

Case 1:19-cv-00900-TSE-IDD   Document 1   Filed 07/09/19   Page 11 of 16 PageID# 11

9.     O He was treated very unprofessional, which Angela expressed to that she was not

fond of me and my decision of being a gay black male working for Integrity.

10.    o  Ms. Weisenberger stated that Military spouses think that they are privileged.

11.    o  Ms. Weisenberger stated, "I made to much money and Integrity had to do

something about my salary and/or Integrity would have to get me out the door

somehow."

12.    o  James was consistently harassed and belittled by Angela rude and obnoxious

attitude regarding Integrity lack of requirements that they wanted Mr. Harris to

help them build.

13.    However, these actions are not uncommon from Angela Weisenberger as she has

been the catalyst for similar situations involving employees of Integrity and Federal

Agencies. Specifically, a Federal Complaint was filed against Integrity Management

Consulting INC citing violations of Americans with Disabilities Act; Title VII of the

Civil Rights Act of 1964 (Case: 1:16-cv-00201-AJT-TCB) after a right to sue notice was

issued on an EEOC discrimination charge.  Additionally, the complaint highlights

discrimination due to work accommodation specifically detailed in the complaint,

14.    "On Tuesday, December 18, 2012, Plaintiff spoke with Angela Weisenberger,
Defendant's Program Manager, and told her that Mr. Villamor was fine with her
switching her telework schedule from Tuesdays and Thursdays to Mondays,
Wednesday and Fridays. Ms. Weisenberger was fine with this telework schedule
change. Neither Mr. Villamor nor Ms. Weisenberger requested (or suggested) that
Plaintiff update her Telework Agreement. Plaintiffs not aware whether if Mr.
Villamor or Ms. Weisenberger discussed Plaintiff telework schedule with anyone
from Defendant's corporate offices or human resources" Additionally, Integrity
provided a response as follows: "Integrity admits Plaintiff spoke with manager
Angela Weisenberger in or about December 2012 and told Ms. Weisenberger that
Mr. Villamor was fine with  Plaintiff teleworking three days per week.  Integrity

6

denies the remaining allegations in Paragraph 19". Subsequently, Integrity settled this complaint on June 16, 2016.

---

## FACTUAL ALLEGATIONS

---

15.   On January 22, 2019, James Harris accompanied his spouse a military service member to Fort Belvoir due to his preceding surgery on December 18, 2018. During this visit, the doctor conducted a local procedure which included removal of surgical rods, which increased the length of the appointment. However, Mr. Harris brought his work laptop to the appointment and provided his status as he was with his husband. Additionally, he provided service in support of DHA to include:

- EIDS spend plan and execution report
- SDD developing first spend plan and their execution report (out of the scope of the contract)
- Attending telephone meetings

16.   Contrary to Mr. Harris efforts and approved modified work schedule, he received an e-mail correspondence stating not to report to the client site, and the notice served has his termination notice.  Chris Romani, the President, and CEO endorsed the termination noticed which cited that "Today we received additional concerns from the client about your presence on site and you had not called Angela by 11:00 this morning despite the fact that you were supposed to be at work today".  This was a complete surprise to Mr. Harris as he provided support to DHA even while attending his husband appointment.

17.   Additionally, Integrity informed Mr. Harris that he was not to come on the premises of DHA and that a courier would retrieve the company's property. As a result, Mr. Harris did not

7

have the opportunity to retrieve his personal belongs from the DHA. Integrity attempted to provide Mr. Harris all his belongs, however, failed to return all of his items. Integrity also intimidated and provided an additional correspondence stating that two government representatives from DHA requested his removal.

18. The Director of Operation & Facility Security Officer Karl Satterwhite stated in a correspondence dated January 28, 2019, that Mr. Harris would receive the rest of his personal belongs however this action never occurred, and the agency kept over $2,500 of personnel items of Mr. Harris.

19. Specifically, Mr. Satterwhite stated, "We will be able to return to you the printed copy of your SF-312, your certificates of security training, and the post-it/sticky notes along with the binder itself with the plastic inserts/dividers. We will mail these items to your address on file."

20. Moreover, Mr. Harris also maintained a safe deposit key at his desk, which was never returned. As a result, he could not properly dissolve of his safe deposit box as requested by Wells Fargo.

21. Exhibits provided in support of the complaint.

---

*Count I*

*US Code Title 42 - The Public Health and Welfare*

*Chapter 126 - EQUAL OPPORTUNITY FOR INDIVIDUALS WITH DISABILITIES (§§ 12101 - 12213)*

---

22. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

23.     As described in the preceding paragraphs, the Defendants failed to accommodate

as defined under the Plaintiff as described under the Americans with Disabilities Act

of 1990 (ADA). Specifically,

"Disability discrimination is prohibited under several federal and state laws,
including the Americans with Disabilities Act of 1990 (ADA), which applies to
employers with 15 or more employees. The ADA protects people who have
disabilities or a record of disabilities, people who are regarded as having a disability,
and people who have relationships or associations with people who have
disabilities. For example, an employer may not fire a qualified employee because his
or her spouse is disabled and requires care. "

24.     The misconduct described in this Count was undertaken with malice,

willfulness, and reckless indifference to the rights of the Plaintiff.

---

*Count II*

*US Code*

*Title 42 - The Public Health and Welfare*

*Chapter 21 - CIVIL RIGHTS (§§ 1981 - 2000h-6) Subchapter VI - EQUAL EMPLOYMENT
OPPORTUNITIES (§§ 2000e - 2000e-17)*

---

25.     Each of the paragraphs of this Complaint is incorporated as if fully

restated herein

26.     As a result of the Defendants unjustified actions, the Plaintiff suffered financial

injury, as well as emotional distress. In addition to the theft of personal property

since the plaintiff was prohibited from retrieving his personal property.

27.     The misconduct described in this Count was objectively unreasonable and

was undertaken intentionally with malice, willfulness, and reckless indifference to

Plaintiff's civil rights.

28.     The actions as mentioned above of the Defendants were the direct and

the proximate cause of the Civil Rights violations, and loss of personal property.

29.     The plaintiff was discriminated against due to his race, age, sex, sexual orientation,

and color.

---

*Count III*

*Theft by Conversion*

---

30.     Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

31.      Defendants deliberately withheld the plaintiff's property and failed to return items

in the agency's possession.

32.     The plaintiff's personal property, including his personally procured items to achieve

the scope of work for the agency. In addition to a safe deposit box key.

33.     Such violations of the Plaintiff's rights to his property were undertaken

intentionally, with malice and willful indifference to Plaintiff's rights.

34.     As a result of the above-described wrongful conduct, Plaintiff has suffered

emotional distress.

35.     The misconduct described in this Count was undertaken with malice, willfulness,

and reckless indifference to the rights of others.

---

*PRAYER FOR RELIEF*

---

Wherefore, the plaintiffs prays that the Court award the following relief:

1.      Issue an Order requiring the defendants to make the plaintiff whole by awarding compensatory damages and punitive damages at a minimum totaling twice the plaintiffs agreed-upon annual salary and sign-on bonus the plaintiff never received

2.      An award of litigation costs and expenses, including reasonable attorneys' fees to the plaintiff.

4.      Punitive damages based upon the defendants' negligence and engagement of bad practices.

4.      Such other and further relief as the Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiffs demand a trial by jury as to all issues against all defendants.

Respectfully submitted,

James Harris

11